## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASAD ABDULLAH** | : | |
| 135 Washington Street | : | |
| Reading, PA 19601 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| **BERKS AREA REGIONAL** | : | |
| **TRANSPORTATION AUTHORITY** | : | : |
| 1700 North 11th Street | : | |
| Reading, PA 19604 | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

### I.  Parties and Reasons for Jurisdiction.

1.      Plaintiff, Asad Abdullah, (hereinafter "Plaintiff" or "Mr.  Abdullah") is an adult individual residing at the above address.

2.      Defendant, Berks Area Regional Transportation Authority (hereinafter "Defendant" or "BARTA") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address, where at all relevant times, Plaintiff was employed.

3.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of his employment with and for Defendant.

4.      Mr.  Abdullah exhausted his administrative remedies pursuant to the Equal Employment Opportunity.

5.      This action is instituted pursuant to Title VII and Section 1981 of the Civil Rights Act, the Pennsylvania Human Relations Act and applicable federal law and state law.

1

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this dis-

trict because Defendant conducts business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Mr.  Abdullah was working for Defendant in the Eastern District of Pennsylvania at the time of

the illegal actions by Defendant as set forth herein.

## II. FACTS

8.      Plaintiff, an African American, is employed at Berks Area Regional

Transportation Authority.

9.      In 2019, Defendant's agents Jose Ortiz ("Ortiz") and Kevin Rutkowski

("Rutkowski") were formally disciplined due to sexually explicit jokes and behaviors. Ortiz

incorrectly suspected that the Plaintiff was responsible for these reports, which resulted in him

starting harassment and intimidation of the Plaintiff.

10.     On October 3, 2020, Defendant's agent, Joel Yeakley ("Yeakley"), deliberately

initiated a racially-charged argument with Plaintiff, making racially insensitive remarks about the

Black Lives Matter movement and the violence in Philadelphia, intending to harass and provoke

the Plaintiff.

11.     The Plaintiff belongs to the protected class: race, black. Plaintiff also engaged in

protected acrivity by filing mutiple complaints of discrimination and retaliation.

12.     Since April 2015, Plaintiff and other minority staff members have reported the

recurrent racially hostile environment to the management, without adequate response or action.

13.     On March 24, 2021, Defendant's agents Julio Ortiz and William Dietrich, both of

non-Black race, used racially insensitive language, mocking African American urban culture.

2

14.     The same day, upon the Plaintiff's request to refrain from said language, Julio Ortiz acted in a threatening and intimidating manner towards the Plaintiff.

15.     Sharon Stephens, Director of Operations, had to intervene to prevent a physical altercation.

16.     Again, on March 25, 2021, Ortiz reiterated his lack of remorse and continued to perpetrate this hostile work environment.

17.     The racial  harassment and discrimination was pervasive and regular, continuing over the course of several years and continues.

18.     The use of the word nigger by Defendant's agents has become a part of Defendant's work culture. So much so that Julio Ortiz and William Dietrich, non-Black, greeted each other by saying "what's up my Nigger" in a high-pitched tone and cadence that mocked African American urban culture.

19.     This harassment was severe, with Ortiz loudly yelling and acting as if he would physically assault the Plaintiff after his request, demonstrating a deeply ingrained hostile attitude towards the Plaintiff's race.

20.     Plaintiff filed multiple administrative charges of discrimination, to no avail. Unfortunately, after Plaintiff filed charges of discrimination he was only retaliated against and treated worse.

21.     As a direct and proximate result of the Defendant's acts and/or omissions, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

3

### III. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEX DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

22.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

23.     Defendant took adverse action against Plaintiff by allowing subjected to a work environment riddled with sexual harassed during his employment.

24.     Plaintiff's status as a male place his in a protected class.

25.     Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Plaintiff.

26.     As such, Defendant's discrimination against Plaintiff is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

27.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

28.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

29.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX**
**RETALIATION**

30.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31.     At set forth above, Plaintiff made complaints concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

32.     Defendant took adverse action against Plaintiff during his employment.

33.     As such, the racial harassment and discrimination was pervasive and regular, continuing over the course of several years and continues Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

34.     As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity,  lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages  and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

35.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

36.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C.  §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX**
**HOSTILE WORK ENVIRONMENT**

37.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

38.     At all times material hereto, and pursuant to 42. U.S.C. § 2000e-2(a), et. seq., an employer may not discriminate against an employee based on his religion, ethnicity, race, sex, or sexual orientation.

39.     Plaintiff is a qualified employee and person within the definition of 42. U.S.C. § 2000e-2(a)., et seq.

40.     Defendants are "employers" and thereby subject to the strictures of the 42. U.S.C. § 2000e-2(a)., et seq.

41.     As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

42.     Defendants failed to remedy the harassment despite actual or constructive knowledge.

43.     Defendants' conduct constitutes a violation of the 42. U.S.C. § 2000e-2(a)., et seq.

44.     Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for hostile work environment.

45.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

46.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

47.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RACE DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

48.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49.     Defendant took adverse action against Plaintiff by discriminating against his as set forth above.

50.     Plaintiff's status as an African American places his in a protected class.

51.     Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Plaintiff.

52.     As such, Defendant's decision to discriminate against Plaintiff is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

53.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

55.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT V**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RACE**
**RETALIATION**
**(42 U.S.C.A. § 2000e-3(a))**

56.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57.     As set forth above, Plaintiff made complaints to a supervisor about disparate treatment in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

58.     Defendant took adverse action against Plaintiff by discriminating against him.

59.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

60.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

61.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

8

**COUNT VI**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RACE**
**HOSTILE WORK ENVIRONMENT**
**(42 U.S.C.A. § 2000e-3(a))**

62.　　Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

63.　　At all times material hereto, and pursuant to 42. U.S.C. § 2000e-2(a)., an employer may not discriminate against an employee based on his religion, ethnicity, race, or national origin.

64.　　Plaintiff is a qualified employee and person within the definition of 42. U.S.C. § 2000e-2(a)., et seq.

65.　　Defendants are "employers" and thereby subject to the strictures of the 42. U.S.C. § 2000e-2(a)., et seq.

66.　　As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

67.　　Defendants failed to remedy the harassment despite actual or constructive knowledge.

68.　　Defendants' conduct constitutes a violation of the 42. U.S.C. § 2000e-2(a)., et seq.

69.　　Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for hostile work environment.

70.　　As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages

and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

71.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

72.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT VII
## VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT
## RACE

73.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

74.     Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

75.     The Defendant's conduct in discriminating Plaintiff's employment was based on his race.

76.     The Defendant's conduct in continuing to harass the Plaintiff would have been different "but for" Plaintiff's race. Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

## COUNT VIII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## SEX DISCRIMINATION

77.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

78.     Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting his to discrimination on the basis of his sex.

79.     Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

80.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

81.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys' fees and court costs.

## COUNT IX
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## SEX
## RETALIATION
## (43 P.S. § 951, *et. seq.*)

82.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

83.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

84.     Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

85.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

86.     As such, the racial harassment and discrimination was pervasive and regular, continuing over the course of several years and continuing constituted retaliation for his engaging in

protected activity by objecting to and complaining about the sexual harassment that he was re-

ceiving while employed by Defendant and therefore was in violation of the Pennsylvania Human

Relations Act, 43 P.S. § 951, et seq.

87.     As a proximate result of Defendant's conduct, Plaintiff sustained significant dam-

ages, including but not limited to: great economic loss, future lost earning capacity, lost oppor-

tunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress,

mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also

sustained work loss, loss of opportunity and a permanent diminution of his earning power and

capacity and a claim is made therefore.

88.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plain-

tiff demands attorneys' fees and court costs.

## COUNT X
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RACE DISCRIMINATION
## (43 P.S. § 955)

89.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length

herein.

90.     At all times material hereto, and pursuant to the Pennsylvania Human Relations

Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

91.     Plaintiff is a qualified employee and person within the definition of Pennsylvania

Human Relations Act, 43 P.S. § 951, et seq.

92.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylva-

nia Human Relations Act, 43 P.S. § 951, et seq.

93.     As such, the racial harassment and discrimination was pervasive and regular, con-

tinuing over the course of several years and continues are adverse employment actions, were

taken as a result of his race and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

94.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

95.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT XI**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RACE**
**RETALIATION**

96.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

97.     Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his race.

98.     Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for his making complaints of harassment and race-based discrimination.

99.     Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

100.    As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

101.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

## COUNT XII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## HOSTILE WORK ENVIRONMENT
## (P.S. §951, et sec)

102.    Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

103.    At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on his race.

104.    Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

105.    Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

106.    As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

107.    Defendants failed to remedy the harassment despite actual or constructive knowledge.

108.    Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

109.    Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for sexual harassment.

110.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

111.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

112.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorney's fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Asad Abdullah, demands judgment in his favor and against the Defendant in an amount in excess of $1,000,000.00 together with:

A.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, physical injury, and pain and suffering;

B.    Punitive damages;

C.    Attorney's fees and costs of suit;

D.    Reimbursement for medical bills;

E.    Interest, delay damages; and,

F.      Any other further relief this Court deems just proper and equitable.


Date: August 22, 2023               BY:      _/s/  Briana Lynn Pearson, Esquire_____
                                             BRIANA LYNN PEARSON, ESQUIRE
                                             (P.A. ID 327007)
                                             Two Penn Center, Suite 1240
                                             1500 John F. Kennedy Boulevard
                                             Philadelphia, PA 19102
                                             Telephone: 215-944-6113
                                             Telefax: 215-627-9426
                                             Email: brianap@ericshore.com
                                             *Attorney for Plaintiff, Asad Abdullah*