## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASAD ABDULLAH, | : |
| *Plaintiff* | : |
| | : Civil Action No. 5:23-cv-03248-JLS |
| v. | : |
| | : Jury Trial Demanded |
| BERKS AREA REGIONAL | : |
| TRANSPORTATION AUTHORITY, | : |
| *Defendants* | : |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, this 4th day of October, 2023 comes Defendant, Berks Area Regional Transportation Authority, by and through its counsel, Summers Nagy Law Offices, files this Brief in Support of Motion to Dismiss:

## I.    BACKGROUND

On or about August 22, 2023, Plaintiff filed his Complaint alleging numerous causes of action which can be boiled down to four violations of Title VII of the Civil Rights Act: (1) Sexual Discrimination; (2) Retaliation; (3) Hostile Work Environment; (4) Race Discrimination; and four  violations of Section 1981 of the Pennsylvania Human Relations Act: (1) Sexual Discrimination; (2) Retaliation; (3) Racial Discrimination and (4) Hostile Work Environment. Defendant filed a waiver of service on or about August 29, 2023.

Prior to the filing of his Complaint, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")

and Pennsylvania Human Rights Commission ("PHRC") on or about July 6, 2021. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit A.

The narrative contained in Plaintiff's Charge of Discrimination makes only mere passing reference to a violation of the PHRC or Title VII of the Civil Rights Act. Plaintiff does make claims of "discriminatory harassment based on race" and "discriminatory discipline based on harassment", and "discriminatory assignment due to retaliation".

On June 30, 2023, the PHRC issued a letter to Plaintiff stating that it has determined that there was insufficient evidence to establish discrimination. A true and correct copy of the PHRC's decision is attached hereto as Exhibit B.

Plaintiff filed his Complaint within 90 days of issuance of this letter. The Complaint does vary from the Charge of Discrimination in that it newly sets forth claims of sexual discrimination, retaliation for sexual discrimination, and a hostile work environment based on sexual discrimination. No such claims were raised or even inferred in Plaintiff's Charge of Discrimination.

II.   <u>QUESTION PRESENTED</u>

    A. WHETHER THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR SEXUAL DISCRIMINATION, RETALIATION DUE TO SEXUAL DISCRIMINATION, AND HOSTILE WORK ENVIRONMENT DUE TO SEXUAL DISCRIMINATION?

    **Suggested Answer:** *In the affirmative.*

III.   <u>ARGUMENT</u>

    A. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR SEXUAL DISCRIMINATION AND COUNTS RELATED THERETO BECAUSE HE FAILED TO EXHAUST THE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM.

The enforcement provisions of Title VII are adopted for the enforcement of the Employment Discrimination, a charge must be filed with the EEOC prior to the filing of any civil action.   42 U. S. C. § 2000e-5.   To satisfy the EEOC's requirements, a charge of discrimination must contain a statement that is "sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." 29 C. F. R. § 1614.106.

Similarly, the PHRC also requires that a complaint shall set forth the particulars of the alleged unlawful discriminatory practice when filing a complaint. Pennsylvania Human Relations Act, 43 P.S.§ 959(a).

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."

3

Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).   Failure to exhaust administrative remedies is a matter to be determine under Fed. R. Civ. P. 12(b)(6), which governs failure to state a claim upon which relief can be granted.   Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999); Fed. R. Civ. P. 12(b)(6).   The exhaustion requirement applies to Employment Discrimination, so the administrative procedures adopted from Title VII must be followed.   Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999).

Similarly, in Pennsylvania, "[i]t is well settled that when an adequate administrative remedy exists, this Court lacks jurisdiction to entertain a suit in either law or equity." Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot., 135 A.3d 1118, 1129 (Pa. Cmwlth. 2015) (quoting Grand Cent. Sanitary Landfill, Inc. v. Dep't of Env't Res., 123 Pa.Cmwlth. 498, 554 A.2d 182, 184 (1989)). Thus, "where an adequate administrative process is available, a party may not forgo that process in favor of seeking judicial relief." Se. Pa. Transp. Auth. v. City of Phila., 627 Pa. 470, 101 A.3d 79, 90 (2014).

The doctrine of exhaustion of administrative remedies requires that a person challenging an administrative decision must first exhaust all adequate and available administrative remedies before seeking relief from the courts. The purposes of this exhaustion requirement are to prevent premature judicial intervention in the

administrative process and ensure that claims will be addressed by the body with expertise in the area. Thus, where the legislature has provided an administrative procedure to challenge and obtain relief from an agency's action, failure to exhaust that remedy bars this Court from hearing claims for declaratory or injunctive relief with respect to that agency action. McNew v. E. Marlborough Twp., 295 A.3d 1, 10–11 (Pa. Commw. Ct. 2023), citing Propel Charter Sch. v. Dep't of Educ., 243 A.3d 322, 327 (Pa. Cmwlth. 2020) (quoting Funk v. Dep't of Env't Prot., 71 A.3d 1097, 1101 (Pa. Cmwlth. 2013) (citations omitted)).

The purpose of the exhaustion requirement is to "'respect executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise and serve judicial economy by having the administrative agency compile the factual record." Robinson, 107 F.3d at 1020.

The examination of a Motion on these grounds follows the general principle under 12(b)(6) motions that a complaint must contain sufficient factual allegations that, if proven true, state a claim upon which relief can be granted in favor of the Plaintiff. Hudnell v. Thomas Jefferson Univ. Hosps., Inc., 537 F. Supp. 3d 852, 857 (E.D. Pa. 2020), citing Ashcroft v. Iqbal, 556 U.S. 662 (2009). If a complaint does no more than infer the "mere possibility of misconduct," then it has not shown that the plaintiff is entitled to relief. Ashcroft, 556 U.S. at 679.

Although not binding on this Court, case law from other jurisdictions provides guidance on situations where only a partial effort is made to exhaust administrative remedies.  Where an individual claimed sex discrimination under Title VII because he was not hired for four positions he applied to, he was found to have partially failed to exhaust his administrative remedies when he only discussed two of the positions with an EEOC counselor and only those two were included in his complaint of discrimination.  Cheatham v. Holder, 935 F. Supp. 2d 225 (D.D.C. 2013).  Where an employee made only "fleeting and skeletal reference" to one of his claims in his EEOC complaint of discrimination, the court found that he had failed to exhaust his administrative remedies as to that claim and upheld a grant of summary judgment on that claim.  Crawford v. Duke, 867 F.3d 103 (D.C. Cir. 2017).

Here, the Plaintiff offered no reference to sexual discrimination in his dual filed EEOC and PHRC Complaint. Plaintiff has failed to develop his sexual discrimination claims through proper administrative procedure.  Plaintiff's sexual discrimination claims are made without any factual foundation.  The EEOC or PHRC was never afforded the opportunity to investigate the claims to develop a factual record of it; of course, this also prevented both agencies from applying its expertise to the situation.  This lack of a developed claims leaves Plaintiff with claims that do not even allude to sexual misconduct or discrimination on the part of

6

Defendant and show that Plaintiff is not entitled to relief.  Instead of promoting judicial economy, the sexual discrimination claims necessitate the filing of this Motion to address Plaintiff's failure to state a claim upon which relief can be granted.

Not only did Plaintiff fail to exhaust his administrative remedies, he also asserted a claim that is without any factual basis and leaves Defendant with no direction on how to defend the claim.  The fact that Plaintiff added to his Complaint but did not include in his Charge allegations of sexual discrimination underscores why the exhaustion of administrative remedies is necessary.  Defendant is now unfairly placed in the position of not knowing the basis of these claims.  The proper remedy is to separate those which are procedurally compliant and dispense with those that are not.  Accordingly, Plaintiff's discrimination claims must be dismissed with prejudice for failure to state a claim.

[Space Left Intentionally Blank]

IV.  **CONCLUSION**

**WHEREFORE**, Defendant respectfully requests that this Honorable Court GRANT Defendant's Motion to Dismiss and dismiss Counts I-III, VIII and IX of Plaintiff's Complaint with prejudice.

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*

By: _____

Sean E. Summers, PA I.D. 92141
Jill E. Nagy, PA I.D. 85858
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-mail: ssummers@summersnagy.com

Dated: October 4, 2023                *Counsel for Defendant*

8

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASAD ABDULLAH, | : |
| *Plaintiff* | : |
| | : Civil Action No. 5:23-cv-03248-JLS |
| v. | : |
| | : Jury Trial Demanded |
| BERKS AREA REGIONAL | : |
| TRANSPORTATION AUTHORITY, | : |
| *Defendants* | : |

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 4th day of October, 2023, a true and correct copy of the foregoing Motion to Dismiss was served upon the following parties via Case Management System/Electronic Filing System and electronic mail.

Brianna Lynn Pearson, Esquire
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Counsel for Plaintiff*

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*

By: _____
Sean E. Summers, PA I.D. 92141
Jill E. Nagy, PA I.D. 85858
*Counsel for Defendant*

Dated: October 4, 2023

9

# EXHIBIT A



**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

Case No: 202002826 - Asad Abdullah vs Berks Area Regional Transportation Authority

Dear, Berks Area Regional Transportation Authority

Enclosed for service upon you, please find a Complaint of discrimination filed against you before the Pennsylvania Human Relations Commission ("PHRC"). The following additional items are enclosed:

1. Legal Notices
2. Data and Document Request
3. A letter from the US Equal Employment Opportunity Commission (EEOC)
   explaining that your complaint will be filed with both PHRC and EEOC
4. Certificate of Service
5/ How to Answer Complaint

You must file an Answer to the Complaint within thirty (30) days. It is imperative that you read the enclosed materials and take immediate action. Please be aware that failure to take the required actions **may result in the PHRC entering a decision against you.**

The below Investigator is assigned to your case:

Colleen Kelley
Investigator
717-783-8255
colkelley@pa.gov
333 Market Street, 8th Floor
Harrisburg, PA 17101

Thank you for your cooperation,

Pennsylvania Human Relations Commission

RECEIVED
JUL 2 2 2021



**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

## LEGAL NOTICE

### NOTICE TO DEFEND

A Complaint has been filed against you before the Pennsylvania Human Relations Commission ("PHRC"). In order to defend against the claims set forth in the Complaint attached hereto, you must take action within thirty (30) days of the service of the Complaint by filing with the PHRC a written, verified Answer. A verified Answer consists of a sworn oath or affirmation or an unsworn statement by the signer to the effect that the answer is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities). Your Answer must be so drawn as to fully and completely advise the other parties and the PHRC as to the nature of all defenses and objections, must admit or deny specifically each averment of fact in the complaint (unless you state that after reasonable investigation you are without knowledge or information sufficient to form a belief as to the truth of an averment), and must state clearly and concisely the facts and matters of law relied upon.

At the same time you file your Answer with the PHRC, you must serve a copy of the Answer on each named Complainant and on the Complainant's attorney of record, if there is one.

You are warned that if you fail to file an Answer, the case may proceed without you and the PHRC may enter a decision against you without further notice. You may lose rights, which are important to you. If you are unable to file an Answer within the time period set forth above, you may file with the PHRC a written request for an extension of time. For good cause shown, the PHRC may grant you an extension of not more than thirty (30) days in which to file your Answer.

Although you are not required to retain an attorney, you are advised that if you want legal representation you should take this notice and the Complaint to an attorney at once. If you have any questions about this notice, you should contact the assigned investigator.

### NOTICE OF RECORD RETENTION

**You are hereby requested to preserve all hard documents and electronically stored information ("ESI") pending further instructions.** Please note that the preservation requirement applies to all documents **in your possession or control.** It includes multiple copies to the extent that they exist. Additionally, all documents in your possession or control, regardless of whether or not you were the author or creator, are subject to the preservation requirements.

**The duty to preserve is required by law. A court could determine that failure to preserve material constitutes spoliation of evidence relevant to the litigation, resulting in significant sanctions, as well as an unfavorable outcome in the litigation itself.**

### NON-RETALIATION

t is unlawful for any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by the Pennsylvania Human Relations Act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing thereunder.



333 Market Street, 8th Floor
Harrisburg, PA 17101

# REQUEST FOR INFORMATION

Please provide the following information concurrent with the Answer. Note that you are required pursuant to 16 Pa. Code § 41.82 to **retain records** relating to the employee who filed this Complaint and relating to other employees/candidates holding similar positions until the final disposition of the Complaint.

## Information about your business:

1. Full legal name of Respondent
2. Address
3. Name of President or Chief Executive Officer
4. Phone Number
5. Email

## Person Designated to provide information/documents:

6. Name
7. Address
8. Phone Number
9. Email

## Identify Decision Makers:

10. Indicate the name and title of all persons involved in the decision regarding the alleged act(s) of discrimination. Describe the role of each in the decision-making process.

## Provide Verified Decision Maker Statements:

11. Provide a verified statement from each decision maker explaining in his or her own words **each and every reason(s)** for the actions taken.

## Provide Information Relating To Policies:

12. Provide a copy of any written rules, policies, employee handbook, norms or standards that are applicable to the allegation or the Respondent's defense which were in effect at the time of the alleged act of harm.
13. Provide an explanation for any deviation from this policy or standard, if any.

**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

## REQUEST FOR INFORMATION

**Provide Witness Statements/Documents Supporting Defense:**

14. If any witnesses are important to your defense, send verified statements, in their own words, from these witnesses. Indicate any business or family relationship to the witnesses. Provide the last known address and phone number for these witnesses.
15. If any documents support your defense or are referenced in your answer, provide a copy of these documents.

**Verifications:**

Provide signed and dated verification from each person submitting the above-requested documents stating: I am authorized by the respondent to make this certification. By this statement, I hereby certify that all documents and data herein submitted are to the best of my knowledge and information true and correct copy of the only such documents in existence in response to the questions asked. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4904 relating to unsworn falsification to authorities.



**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2847

# NOTICE OF CHARGE OF DISCRIMINATION

You are hereby notified that the above-referenced charge of employment discrimination has been received by the Pennsylvania Human Relations Commission (PHRC) and sent to the EEOC for dual-filing purposes. This Notice is being sent to you by the PHRC on behalf of the EEOC simultaneously with the PHRC's notification to you of the filing of the charge with the PHRC. The charge has been assigned the EEOC and PHRC charge numbers shown above. A copy of the charge is included with these Notices.

While EEOC has jurisdiction (upon the expiration of any 60-day deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of PHRC's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that there has been a violation of the statute(s) administered by EEOC.

You are therefore urged to cooperate fully with the PHRC. All facts and evidence provided by you to the PHRC in the course of its proceedings will be considered by EEOC when it reviews the PHRC's final findings and orders. In many instances the EEOC will take no further action, thereby avoiding the necessity of an investigation by both the PHRC and the EEOC. This likelihood is increased by your full cooperation with the Commission. **Unless you are notified that EEOC has initiated an investigation, do not submit position statements, letters of representation, documents, or other types of evidence to EEOC since EEOC will not maintain a case file.**

As a party to the charge, you may request that EEOC review the PHRC's final decision and order. For such a request to be honored, you must notify the EEOC in writing within 15 days of your receipt of PHRC's final closure notification. Such a request should be forwarded to EEOC at the address shown in the letterhead above, to the attention of the State and Local Unit. If the PHRC terminates its processing without issuing a final finding and order, or the charge is otherwise one which requires further EEOC processing, you will be contacted further by EEOC. Regardless of whether the PHRC or EEOC processes the charge, the record keeping and non- retaliation provisions of Title VII, the ADA and the ADEA as explained in the "EEOC Rules and Regulations" apply.

Sincerely,

Jamie Williamson District Director



**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

Asad Abdullah Vs. Berks Area Regional Transportation Authority

PHRC Case No. 202002826
EEOC Case No. 17F202161393

## Certificate of Service

Pursuant to the requirements of 1 Pa. Code § 33.31, I hereby certify that I have this day served the foregoing Complaint by first class mail, postage prepaid, as follows:

Asad Abdullah
135 Washington Street
Apt. 207
Reading, PA 19601

Berks Area Regional Transportation Authority
1700 N. 11th Street
Reading, PA 19604

*Demora Wallace*
_____
Demora Wallace            JUL 2 0 2021

_____
07/20/2021

 **pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

## HOW TO ANSWER COMPLAINT

The Pennsylvania Human Relations Commission has served a Complaint upon you ("Respondent"). The Special Rules of Administrative Practice and Procedure ("SRAPP") requires that you provide a Verified Answer to that Complaint. To provide timely docketing and service of complaints filed with the Pennsylvania Human Relations Commission ("PHRC"), this Complaint has not been redrafted or formalized in a manner that some Respondents may be accustomed to.

So that the PHRC can conduct its investigation as timely, efficiently, and thoroughly as possible, please provide the PHRC with an Answer to this Complaint utilizing the following basic instructions.

    1. Provide your Answer on a document captioned as follows:

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
|  | : |
| [NAME], | : |
|     Complainant | : |
|  | : |
|     v. | : PHRC Case No. [INSERT] |
|  | : |
| [NAME], | : |
|     Respondent | : |
|  | : |

**ANSWER**

    2. After the caption above, provide a response to each factual allegation contained in the Complaint. You may admit, deny with explanation, or indicate that after reasonable investigation, you are without knowledge or information sufficient to form a belief as to the truth of the allegation. 16 Pa. Code § 42.12.

    3. Each response should be in numbered paragraphs and should be responsive to the corresponding numerical paragraph on the document PHRC served on you. 16 Pa. Code § 42.32(b).



**pennsylvania**
HUMAN RELATIONS COMMISSION

333 Market Street, 8th Floor
Harrisburg, PA 17101

4.  If Complaint alleges acts of harm that are not contained in numerical paragraphs, please copy the allegation, and provide your response below it.  At a minimum, your Answer should include specific, factual responses to every allegation of the Complaint as well as any other facts that you deem relevant for the PHRC's consideration.  The Answer must be prepared in a manner that allows the PHRC to assess whether you are admitting or denying each allegation and factual assertion.

5.  The failure to respond to a factual allegation or allegations in a Complaint may result in the finding of liability against you. 16 Pa. Code § 42.33.

6.  The Answer must contain the following verification at the end.  16 Pa. Code § 42.32(b).

## VERIFICATION

I hereby verify that the statements contained in this Answer are true and correct to the best of my knowledge, information, and belief.  I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities.

---------------------------------------------        ------------------------------------------

(Date Signed)                                         Signature of Respondent, Title

7.  You must send the Answer to the PHRC within (30) days unless you have secured an extension from the Investigator in writing.  The Answer must be served on Complainant.  If you submit a Position Statement, it must be served on Complainant in the same manner.

If you have any questions, please contact the Investigator assigned to the case.

Thank you,

Pennsylvania Human Relations Commission

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| Asad Abdullah,<br>　　　Complainant | : <br> : <br> : <br> : |
| 　　　　v. | : PHRC Case No. 202002826 <br> : |
| Berks Area Regional Transportation<br>Authority,<br>　　　Respondent | : EEOC No. 17F202161393 <br> : <br> : <br> : |

## **COMPLAINT**

### **JURISDICTION**

Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### **PARTIES**

The Complainant herein is:

Asad Abdullah
135 Washington Street
Apt. 207
Reading, PA  19601

The Respondent herein is:

Berks Area Regional Transportation Authority
1700 N. 11th Street
Reading, PA 19604

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Asad Abdullah
_____,                    :
             **Complainant(s)**               :        PHRC Case No.  202002826
                                              :
                                              :        EEOC No.
             v.                               :
                                              :
Berks Area Regional Transportation Authority  :
_____,                    :
             **Respondent(s)**                :

## COMPLAINT

**1.    COMPLAINANT(S)**

 Asad Abdullah
 135 Washington Street, Apt. 207
 Reading, PA 19601

**2.    RESPONDENT(S)**
 (person, employer, union, labor organization or other entity against whom you are filing this complaint)

 Berks Area Regional Transportation
 Authority
 1700 N. 11th Street, Reading, PA 19604

**3.    Number of Employees Employed by Respondent(s):**

 ☐ Fewer than 4    ☐ 4 to 14    ☐ 15 to 20    ☑ 20+

**4a.** ☑ **I was employed by Respondent as** Driver/Bus Operator **since** 3/30/2015 .

**4b.** ☐ **I applied for employment with Respondent as** _____ **on** _____ .

**5.    Protected Class(es)** (check all reasons you have been discriminated against and specify the class, e.g. race, African American; sex, female)

 ☑ Race:  Black       ☐ Religious Creed:
 ☐ Color:          ☐ National Origin:
 ☐ Sex:           ☐ Ancestry:
 ☐ Age/Date of Birth:      ☑ Retaliation
 ☐ Disability:         ☐ Use of Guide or Support Animal
 ☐ Other (specify):

6. **Dates of Discrimination:**

Beginning: 3/24/2021_____    Ending: _____

Continuing?  ☑ Yes    ☐ No

7. **DESCRIBE THE DISCRIMINATORY CONDUCT, WITH SPECIFICITY, AND EXPLAIN HOW THE DISCRIMINATORY CONDUCT IS RELATED TO YOUR PROTECTED CLASS:**
(e.g. failure to hire, discharge from employment, demotion, leave denied, forced transfer, denial of religious or disability accommodation, retaliation)

Underlying facts

1. In or around 2019, Jose Ortiz and Kevin Rutkowski were disciplined for making sexually explicit jokes and behaviors. Ortiz believed I was the one who reported them and retaliated and harassed me, starting an argument with me in attempt to intimidate me and other employees from reporting future sexually harassing behaviors.
2. On October 3, 2020, Joel Yeakley entered the breakroom where I was resting and said, "let's turn on the Philly news and see how many people got shot. Let's see if those lives matter.", in attempt to harass and inciting a reaction from and argument with me about Black Lives Matter.

7.A. Discriminatory Harassment based on Race

1. My protected class is race, black.
2. On several occasions beginning in April 2015, I, and other Race, Black employees have complained to Respondent about the racist, hostile working environment.
3. On March 24, 2021, Julio Ortiz and William Dietrich, both race, non-black, greeted each other by saying "what's up my Nigga" in a high-pitched tone and cadence that mocked African American urban culture.
4. On March 24, 2021, I asked Ortiz and Dietrich to remove this word (meaning Nigga) from their vocabulary.
5. On March 24, 2021, Ortiz became very angry and started to walk toward me as if he was going to physically assault me.
6. On March 24, 2021, Sharon Stephens, Director of Operations, witnessed the harassment and walked between Ortiz and I to stop Ortiz from continuing his behavior.
7. On March 25, 2021, Ortiz continued to perpetuate the hostile work environment when he approached me and Stephens and stated, "I apologize for yelling at you and Asad, but that's it, I don't apologize for anything else."
8. The harassment was pervasive and regular because it occurred continuously over the course of several years.
9. The harassment was severe because Ortiz was yelling very loudly and had a crazy look on his face because I asked him not to use the word "Nigga".

**WARNING: FAILURE TO COMPLETE THIS SECTION MAY RESULT IN YOUR COMPLAINT BEING REJECTED FOR INSUFFICIENCY.**

PG 3

(7.A. continued)

10. The harassment negatively affected me because I had to make the choice to eat my lunch, alone in my car, to avoid being harassed; I lost two (2) days of pay as a result of the March 24, 2021 incident; it has caused added stress and depression; and instead of enjoying our days off, me and others have to spend our time discussing the pressures we deal with of having to work in such an environment.

11. Respondent failed to stop the harassment.


7.B. Discriminatory Discipline based on Retaliation

1. On March 24, 2021, Sharon Stephens, Director of Operations, witnessed an incident of harassment by Julio Ortiz, race, non-black, and walked between Ortiz and I to stop Ortiz from continuing his behavior.

2. On April 1, 2021, during a meeting about the harassment on March 24, 2021, I told Greg Downing, Chief Operations Officer, Laura Hopko, Human Resources Director, and Stephens that I am fed up with the racist, hostile working environment.

3. On April 1, 2021, Downing suspended me for two (2) days without pay.

4. Respondent's stated reason for the action taken was because I was insubordinate for not immediately responding to Stephens while Julio Ortiz was yelling at me in a threatening manner; for addressing the harassment with the harassers and not reporting the harassment to management; and for a resolved incident that happened in 2019.

5. I explained to Respondent that while Ortiz was yelling at me, I was focused on Ortiz being an immediate threat and could not hear Stephens addressing me; and that I had reported harassment to it on several occasions and nothing was done to stop the harassment.

6. Respondent's actions were retaliatory because immediately after opposing the racist, hostile work environment, it suspended me.


7.C. Discriminatory Assignment Denied due to Retaliation

1. In or around 2018 through February 2021, Respondent would assign me to train new employees.

2. Respondent pays approximately 35 cents per hour in addition to my regular wages during shifts where I am training new employees.

3. On April 1, 2021, during a meeting about the harassment on March 24, 2021, I told Greg Downing, Chief Operations Officer, Laura Hopko, Human Resources Director, and Stephens that I am fed up with the racist, hostile working environment.

4. Respondent has not scheduled me to train any of the new employees hired since April 1, 2021.

5. Respondent's actions are retaliatory because after I opposed the racist, hostile working environment, Respondent stopped scheduling me to train new employees.

8.  Based upon the foregoing, I/we allege that the Respondent(s) violated Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

9.  The Pennsylvania Human Relations Commission has jurisdiction over this matter pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

10. I/we pray that the Respondent(s) be required to provide all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act.

11. If applicable, this Complaint will be dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC), pursuant to the work-sharing agreement between the PHRC and the EEOC. Based upon the foregoing, I/we allege that the Respondent(s) violated one or more of the following federal statutes: Title VII of the Civil Rights Act of 1964 and/or The Pregnancy Discrimination Act and/or The Equal Pay Act of 1963 and/or The Age Discrimination in Employment Act of 1967 and/or Title 1 of the Americans with Disabilities Act of 1990 and/or Sections 102 and 103 of the Civil Rights Act of 1991 and/or Sections 501 and 505 of the Rehabilitation Act of 1973 and/or The Genetic Information Nondiscrimination Act of 2008.

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

7/5/2021
Date

Signature
Asad Abdullah
Printed Name

Date

Signature

Printed Name

**WARNING: COMPLAINTS MUST BE SIGNED AND FILED WITHIN 180 DAYS OF THE ALLEGED ACT OF HARM.**

# EXHIBIT B



**pennsylvania**
HUMAN RELATIONS COMMISSION

June 30, 2023

Asad Abdullah                    Sean E. Summers Esq.
135 Washington Street            Summers Nagy Law Office
Apt. 207                         35 S Duke St
Reading, PA 19601                York, PA 17401

   RE:  Asad Abdullah vs. Berks Area Regional Transportation Authority
        PHRC Case No. 202002826
        EEOC Case No. 17F202161393

Dear Parties:

The Pennsylvania Human Relations Commission reviewed the above-referenced Complaint and
considers this case closed on the date of this letter because there was insufficient evidence to establish
discrimination and a copy of this finding is enclosed in service to Complainant pursuant to 43 P.S.
§959(c).

The Pennsylvania Human Relations Act affords both the Complainant and the Respondent the
opportunity to comment after the final disposition of the Complaint. Written comments may be submitted
to the Director of Enforcement, 333 Market Street, 8th Floor, Harrisburg, PA 17101.  In addition, enclosed
is an important Notice of Complainant's Rights that explains the right to request a Preliminary Hearing if
there is a disagreement with the Commission's decision pursuant to 16 Pa Code §42.62 and the right to
file a complaint* in the Court of Common Pleas pursuant to 43 P.S. Section 962(c). *Please note that the
complaint must be filed within two years of the date of closure.

Sincerely:

Chad Dion Lassiter MSW

Chad Dion Lassiter, MSW
Executive Director

cc:  Briana L. Pearson
     Two Penn Center, Suite 1240
     1500 John F. Kennedy Blvd
     Philadelphia, PA 19102

## PENNSYLVANIA HUMAN RELATIONS COMMISSION (PHRC)
## NOTICE OF COMPLAINANT'S RIGHTS AFTER CLOSURE OF COMPLAINT

**All communication related to closed cases must be directed to the Enforcement Division, PHRC Central Office, 333 Market Street, 8th Floor, Harrisburg, PA 17101.  Phone: 717-787-4410.**

The complainant has the right to request a preliminary hearing in this matter, pursuant to the PHRC's Special Rules of Administrative Practice and Procedure, 16 Pa. Code § 42.62. Should the complainant desire to file such a request, it must be in writing, and it must state specifically the grounds upon which the complainant disputes the PHRC's closure. It may contain new evidence not previously considered. If the Request for a Preliminary Hearing is based upon new or previously unconsidered evidence, the nature, location, and form of the evidence in issue must be explicitly set forth in the request.

After careful review of the request, the PHRC will notify complainant as to whether a preliminary hearing has been granted. Should the PHRC grant a preliminary hearing, you will be provided with more information. Should PHRC accept the request, an attorney with the PHRC Office of Chief Counsel will conduct a thorough review of the investigative case file to determine whether the PHRC properly closed the complaint. The PHRC may also decide to reopen the complaint for further investigation instead of conducting a hearing.  At any time, the complainant may decide to withdraw the request.

Should the complainant desire to file a Request for a Preliminary Hearing, **it must be filed in accordance with PHRC's Special Rules of Administrative Practice and Procedure, 16 Pa. Code § 42.62, received by PHRC within ten (10) days of the receipt of this notice to be entitled to these rights, identified as a "Request for Preliminary Hearing," and be addressed to Office of Appeals, 333 Market St., 8th Floor, Harrisburg, PA 17101. Email: oa-phrcoffofappeals@pa.gov.**

In addition, you are hereby notified, as required by Section 12(c) of the Pennsylvania Human Relations Act, 43 P.S. Section 962(c), that upon closure, the complainant has two years to file a complaint in the Court of Common Pleas of the county in which the alleged unlawful discriminatory practice took place. The complainant may retain a private attorney regarding this matter or about any other rights he/she may have in this matter.  Complainant's who file a complaint in the Court of Common Pleas are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the PHRC with a copy of the Court complaint. This copy must be served on the PHRC at the same time the complainant files it in Court. The copy is to be sent to: **Chief Counsel, 333 Market St., 8th Floor, Harrisburg, PA 17101.**

## ADDITIONAL RIGHTS IN CASES FILED WITH THE
## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Since your charge was filed under Title VII of the Civil Rights Act, Americans with Disabilities Act (ADA) or the Age Discrimination in Employment Act (ADEA), which is enforced by the US Equal Employment Opportunity Commission (EEOC), you also have the right to request the EEOC to review this action. To secure a review, you must request the review in writing within fifteen (15) days of your receipt of this letter. This request should be sent to **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PHILADELPHIA DISTRICT OFFICE, SUITE 1000, 801 MARKET STREET, PHILADELPHIA, PA 19107. Email: phlstateandlocal@eeoc.gov.** You can find more information about the U.S. Equal Employment Opportunity Commission at **www.eeoc.gov.**

**Do not request a substantial weight review if you have requested a preliminary hearing at PHRC. If you requested a preliminary hearing, you may request a substantial weight review only after you receive a letter denying your request from PHRC.**

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| | : |
| Asad Abdullah, | : |
|     Complainant | : |
| | : |
| vs. | : PHRC Case No. 202002826 |
| | : EEOC Case No. 17F202161393 |
| Berks Area Regional Transportation | : |
| Authority, | |
|     Respondent | : |

## <u>FINDING OF NO PROBABLE CAUSE</u>

On July 5, 2021, Asad Abdullah (Complainant), a bus driver, filed a Complaint of discrimination against Berks Area Regional Transportation Authority (Respondent). Complainant has met all jurisdictional requirements under the Pennsylvania Human Relations Act.

Complainant alleges that Respondent discriminated against him because of his race (African American) and retaliation in violation of 43 P.S. §955 when it:

(a) Subjected him to harassment on March 24, 2021, when coworkers greeted each other, "What's up my Nigga;"
(b) Suspended Complainant for 2 days without pay on April 1, 2021; and
(c) Stopped assigning Complainant new employees to train which includes 35 cent per hour payrate

To prevail in his claim for harassment, Complaint must show that he was subjected to unwanted conduct based on his protected class (African American) and that harassment was severe and pervasive. The evidence shows that on March 24, 2021, bus drivers Julio Ortiz and William Dietrich, neither of whom are African American, greeted each other with "what's up my nigga." Complainant confronted Ortiz. Director of Operations Sharon Stephens, upon hearing the disruption from down the hall, physically intercepted the confrontation to put an end to it. The evidence also shows that this was a one-time comment and was not severe and pervasive to alter the terms and conditions of Complaint's employment. Complainant reported that Ortiz was suspended for four (4) days. The evidence shows that Respondent took prompt action and

responded with corrective action. As such, Complainant is unable to establish a valid claim of harassment.

To prevail in his discriminatory discipline claim, Complainant must show that similarly-situated bus drivers, who are not African American, were treated more favorably. The evidence shows that Respondent suspended Complainant because Complainant's decision to confront Ortiz on March 24, 2021 and start a confrontation instead of reporting the harassment to Respondent was a violation of their Professional Conduct Policy. In interview, Complainant confirmed that in the past he has lodged complaints with Human Resources. Complainant reported, "Sharon Stephens walked between Ortiz and I to calm things down." Complainant reported that Ortiz was suspended for four (4) days. As such, Complainant failed to show that similarly-situated bus drivers, who are not African American, were treated more favorably.

To prevail in his retaliatory discipline and denial of assignment claim, Complainant must show that he engaged in protected activity, he was subjected to adverse action, and that there is a causal connection between the protected activity and the adverse action. As described above, similarly situated bus drivers are suspended for conduct violations. Evidence shows Respondent would occasionally assign Complainant to train new employees and Complainant was compensated an additional $0.35 per hour during the training. Manager Hopko stated Complainant was not assigned new employees to train because no training opportunities occurred after April 1, 2021. Complainant did not identify a driver that was provided a trainee. As such, Complainant failed to establish a valid claim of retaliation.

WHEREFORE, based on the evidence described above, the Pennsylvania Human Relations Commission concludes that there is insufficient evidence to support a finding of probable cause. Insufficient evidence exists to establish that the Berks Area Regional Transportation Authority discriminated against Asad Abdullah on the basis of race and retaliation in violation of Section 5(a) (d)of the Pennsylvania Human Relations Act.

Chad Dion Lassiter, MSW
Executive Director