IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASAD ABDULLAH,<br><br>   *Plaintiff*,<br><br>v.<br><br>BERKS AREA REGIONAL<br>TRANSPORTATION AUTHORITY,<br><br>   *Defendant*. | CIVIL ACTION<br>NO. 23-3248 |

**O R D E R**

**AND NOW**, this 24th day of February, 2025, upon consideration of the defendant's motion for summary judgment, ECF No. 35, and the opposition thereto, it is hereby **ORDERED** as follows:

(1)    the motion is **GRANTED IN PART** and **DENIED IN PART**; and

(2)    judgment is hereby **ENTERED** in favor of the defendant on counts IV, VII, and X of the amended complaint.[*]

                                      **BY THE COURT:**

                                      */s/ Jeffrey L. Schmehl*
                                      **JEFFREY L. SCHMEHL, J.**

---

[*] Plaintiff Asad Abdullah served as a driver for Defendant Berks Area Regional Transportation Authority ("BARTA") from March 30, 2015, until his discharge on August 23, 2023. Throughout his employment, Mr. Abdullah alleges that he was subjected to a hostile work environment, racial and disability discrimination, and retaliation for reporting such conduct, among other things. Now before the Court is BARTA's motion for summary judgment, which is directed at some—but not all—of the claims raised in the amended complaint. The motion makes four general arguments.

First, BARTA contends that some of Mr. Abdullah's claims are time-barred, on the theory that he failed to initiate this private action within the deadlines prescribed by state and federal law. The Court disagrees. Upon careful examination of the motion's exhibits, only one charge of

discrimination triggers a statutory deadline that lapsed prior to the commencement of this lawsuit. That charge concerns the advertising of management positions at BARTA—an issue that does not form the basis of the present claims. Consequently, the expiration of the filing window for that charge does not support the termination of any claims now before the Court.

Second, BARTA contends that Mr. Abdullah has failed to establish a *prima facie* case of race-based disparate treatment under Title VII, the Pennsylvania Human Relations Act, and 42 U.S.C. § 1981. The Court agrees. As those claims are evaluated under the same analytical framework, *see Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013); *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009), a plaintiff must present some evidence of the following to survive summary judgment: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) circumstances suggesting intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Here, the parties do not dispute the first two elements. And they agree that, as to the third element, the adverse action was Mr. Abdullah's August 23, 2023, termination for allegedly making "threats against a director." Mem. of L. in Supp. of Pl.'s Opp'n to Def.'s Mot. Summ. J. at 8, 10, ECF No. 39-1.

The sole point of contention between the parties lies in the final element of the *prima facie* analysis. More specifically, Mr. Abdullah attempts to prove that his termination was the product of discrimination by relying on "comparator evidence," which involves four non-Black employees who allegedly committed "terminable offenses," but received either no punishment or only administrative discipline. He cites to: (1) "female drivers" who allowed a bus to roll onto an embankment and were not fired; (2) an employee who made a hostile remark in the breakroom about protesters elsewhere; (3) another employee who yelled in his face and was suspended for four days; and (4) another driver who threatened to "kick the ass" of a passenger or pedestrian and received only a three-day suspension.

When compared to the reason BARTA has given for Mr. Abdullah's termination—threatening management—the Court concludes that Mr. Abdullah's comparator testimony fails to create a legally cognizable inference of a race-based termination. That is because, where a plaintiff relies on comparator evidence, the plaintiff must demonstrate that "similarly situated" individuals—those alike in "all material respects" and outside the plaintiff's protected class—were treated more favorably. *Darby v. Temple Univ.*, 216 F. Supp. 3d 535, 542 (E.D. Pa. 2016) (citing *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006)); *Mangold v. PECO Energy*, No. 19-5912, 2021 WL 6072818, at *13 (E.D. Pa. Dec. 23, 2021) (citing *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 222-23 (3d Cir. 2009)). Here, none of the four incidents Mr. Abdullah references involves similarly situated individuals. One centers on negligence, another on a public remark, a third on mere "yelling," and in the fourth, the allegedly threatened individual was neither a supervisor nor a BARTA employee. None involve a threat to management or some other action that comprises the chain of command. And so, as Mr. Abdullah presents no other evidence supporting his theory of disparate treatment, the Court must grant judgment for the Defendant on Counts IV, VII, and X of the amended complaint.

Next, BARTA argues that Mr. Abdullah's retaliation claims under Title VII and Pennsylvania law fail because he has not presented evidence establishing a *prima facie* case. To sustain a retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) the employer took an adverse employment action against him; and (3) a causal link exists between his protected activity and the adverse action. *See Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Here, BARTA attacks the final element of causation.

But when viewed in the light most favorable to Mr. Abdullah, there is sufficient evidence for a reasonable jury to find a *prima facie* case of retaliation. Mr. Abdullah, for instance, testified that, on August 23, 2023, management cited two reasons for his discharge: beyond "making threats," he also made "false reports." Mem. of L. in Supp. of Pl.'s Opp'n to Def.'s Mot. Summ. J. at 15-16, ECF No. 39-1. This explanation, when construed against the June 30, 2023, letter from the Pennsylvania Human Relations Commission ("PHRC"), which found insufficient evidence to support much of Mr. Abdullah's presents claims, indicates that BARTA may have terminated Mr. Abdullah for filing that PHRC complaint. *See generally Qin v. Vertex, Inc.*, 100 F.4th 458, 477 (3d Cir. 2024). And, moving further down the analysis, even if the Court were to assume that Mr. Abdullah's alleged threats constituted a legitimate reason for termination, the timing of the PHRC letter and Mr. Abdullah's subsequent discharge creates a genuine dispute of material fact regarding pretext that must be resolved by trial. Accordingly, the Court denies BARTA's motion for summary judgment on Mr. Abdullah's retaliation claims, set forth in Counts V and VI of the amended complaint.

Lastly, BARTA asks that the Court grant judgment in its favor on Mr. Abdullah's hostile work environment claims. BARTA asserts that Mr. Abdullah failed to satisfy the "severe and pervasive" element of such claims. *See generally Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). In opposition thereto, Mr. Abdullah identifies four categories of alleged workplace hostility:

(1) a March 24, 2021, incident in which two non-management employees mocked Black speech patterns and used a racial slur;

(2) a breakroom exchange in which a coworker remarked, "let's see how many people got shot, let's see if those lives matter";

(3) bus passengers repeatedly directing racial slurs at him and a Black female colleague; and

(4) comments from another employee who reportedly wished that NFL players kneeling during the national anthem would "die and burn in a plane crash."

Again, viewed in the light most favorable to Mr. Abdullah, the Court concludes that this evidence presents a genuine dispute of material fact regarding the severe-and-pervasive element of Mr. Abdullah's hostile work environment claims that must be resolved by trial. Accordingly, BARTA's request for judgment on these claims is denied.